USCA1 Opinion

 

 December 20, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1434 ANDREW TEMPELMAN, ET AL., Plaintiffs, Appellants, v. CECILE POTVIN, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ___________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ___________________ Andrew and Priscilla Tempelman on brief pro se. ______________________________ Michael L. Paup, Acting Assistant Attorney General, Tax _________________ Division, Gary R. Allen, Charles E. Brookhart and Scott P. _______________ ______________________ ________ Towers, Attorneys, Tax Division, Department of Justice, on brief ______ for appellees. __________________ __________________ Per Curiam. Plaintiffs appeal from the dismissal of a __________ complaint in which they advanced three related claims pertaining to a tax lien. As the lien has now been lifted (a fact first disclosed only after judgment by way of a motion for reconsideration), their claim under 28 U.S.C. 2410 to "quiet title" to property is now moot. In turn, we agree with the district court that, as set forth in the complaint, both the refund claim (brought under 28 U.S.C. 1346 and 26 U.S.C. 7422) and the damages claim (brought under 26 U.S.C. 7432) were barred on jurisdictional grounds, given that, inter alia, the underlying assessments were never paid. See, __________ ___ e.g., McMillen v. U.S. Dep't of Treasury, 960 F.2d 187, 188- ____ ________ _______________________ 90 (1st Cir. 1991) (per curiam). And considering the timing of the disclosure as to the lien's release, we cannot say that the court abused its discretion in denying the motion for reconsideration, particularly since such denial was without prejudice to the filing of a new action under 7432 (or some related provision) with regard to such release. We need not now decide whether the normal prerequisites to such a suit--exhaustion of administrative remedies, see 26 ___ U.S.C. 7432(d)(1), and payment of the underlying assessment, see McMillen, 960 F.2d at 190--might be subject ___ ________ to relaxation in cases where the lien has been released. See, e.g., Information Resources, Inc. v. United States, 950 ___ ____ ___________________________ _____________ F.2d 1122, 1125-27 (5th Cir. 1992). Nor need we decide -2- whether, to the extent that the assessments at issue here involved only corporate taxes, plaintiffs would have standing as private individuals to pursue such relief. See, e.g., 26 ___ ____ U.S.C. 7432(a) (authorizing suit by taxpayer for improper failure to release lien "on property of the taxpayer"); In re _____ Las Colinas Devel. Corp., 585 F.2d 7 (1st Cir. 1978) ___________________________ (corporations can appear in court only when represented by counsel), cert. denied, 440 U.S. 931 (1979). ____________ We have reviewed plaintiffs' remaining claims on appeal and find them without merit. Affirmed. _________ -3-